IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GURVEER SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-01606-AJT-WBP |
| | ) |
| TODD M. LYONS *et al.*, | ) |
| | ) |
| | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Gurveer Singh's Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody, arguing that his ongoing detention violates the Immigration and Nationality Act ("INA") (Count I); the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); and his constitutional due process rights (Count III). The Respondents opposed the Petition. [Doc. No. 4]. For the following reasons, the Petition is GRANTED.

**I.   BACKGROUND**

Petitioner Gurveer Singh (the "Petitioner") is a native and citizen of India and entered the United States without inspection on May 29, 2019 and has resided here since that date. [Petition] ¶ 45. On June 13, 2020, Petitioner filed an application for asylum with the New York City Immigration Court; the proceedings on his application were stayed by the Immigration Judge and remain pending. [Doc. No. 4-1] ¶ 12. The merits hearing for Petitioner's application for asylum is scheduled for October 22, 2025, at 9 a.m. before the Annandale, Virginia Immigration Court. [Doc.

1

No. 4-1] ¶ 17. Petitioner has employment authorization from the Department of Homeland Security and had been working as a truck driver; he has no criminal record. [Petition] ¶ 49.

On August 26, 2025, Plaintiff was arrested in Echo, Maryland and placed in removal proceedings pursuant to 8 U.S.C. 1182(a)(6)(A)(1). [Doc. No. 4-1] ¶ 14. He has been in detention at the ICE detention center in Farmville, VA since that time. [Petition] ¶¶ 46–47. After his arrest, ICE issued an initial determination that he be held without bond, which Petitioner challenged through a motion that was denied by the Immigration Judge on September 18. [Petition] ¶ 50. To date, Petitioner has not been provided a bond determination hearing before an Immigration Judge and has remained in ICE custody for 50 days. [Doc. No. 4-1] ¶ 14.

On September 19, 2025, Petitioner filed the present Petition, [Doc. No. 1], and soon thereafter the Court issued an order enjoining the removal of Petitioner from this judicial district, [Doc. No. 2]. Respondents filed an opposition on October 2, 2025 [Doc. No. 4], and Petitioner filed a reply brief the following day. [Doc. No. 5].

## II.     LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."

*Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.    DISCUSSION

Petitioner contends that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates (1) the Immigration Nationality Act ("INA") because the mandatory detention provision does not apply to him (Count I); (2) the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); and (3) Petitioner's constitutional due process rights (Count III). He requests that he be released, or in the alternative, that he be given a bond hearing pursuant to of 8 U.S.C. § 1226.[1] In their opposition, Respondents argue that this Court lacks jurisdiction over Petitioner's challenge and that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a).

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Doc. No. 4] at 9–20. Respondents acknowledged in their Opposition that these arguments have previously been rejected by numerous decisions in this and other district courts. *Id*. at 3. They do not argue that this case is factually

---

[1] Although Respondents do not address Petitioner's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), the Court finds that Petitioner has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. *Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021); *Luna Quispe v. Crawford*, 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025).

distinguishable such as would require a different outcome, but state that they are simply raising those same arguments in order to preserve them for appeal. *Id*.

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention since, as the Court held in *Luna Quispe*, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. No. 1:25-CV-1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). With respect to the substance of Petitioner's claim, for all the reasons previously stated in *Luna Quispe*, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully).[2] [3] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Petitioner has

---

[2] Respondents' reliance on *Jimenez-Rodriguez v. Garland* is likewise misplaced because, as Respondents concede, that case concerned the Attorney General's grant of inadmissibility waivers under 8 U.S.C. § 1182(d)(3)(A)(ii), not the mandatory detention procedures in 8 U.S.C. § 1225. 996 F.3d 190 (4th Cir. 2021). The mere fact that the *Jimenez* court interpreted the phrase "seeking admission" does not require its holding to apply to other provisions of the INA, nor does it invalidate the contrary interpretations of *Luna-Quispe* or the numerous district courts that have previously decided this issue.

[3] For this same reason, the fact that Petitioner currently has an application for asylum pending before the Immigration Court does not render him an "applicant for admission" subject to 8 U.S.C. § 1225(b)(2)(A), as he did not file that application in order to be admitted at a lawful port of entry, but rather had already been in the country for over a year upon filing that application.

4

been present in the United States since 2019 and thus falls in the former category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).[4]

With respect to Petitioner's due process claim (Count III), Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b) and his detention is therefore governed exclusively by that section of the INA.[5] [Doc. No. 4] at 21–25. Having determined that Petitioner's detention is governed by section 1226, the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[6] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

---

[4] The Court recognizes that in a recent decision by the Board of Immigration Appeals (BIA), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), relied on by Respondents, the BIA held that noncitizens who are present in the United States without admission and are arrested on a warrant are subject to § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 227. In doing so, the BIA "acknowledge[d] that for years Immigration Judges have conducted § 1226(a) bond hearings for aliens who entered the United States without inspection."). *Id.* at 225 n.6. The Court is not bound by that decision and finds its reasoning unpersuasive. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 406 (2024) (interpretation of the meaning of a statute belongs to the "independent judgment" of the courts, as "agencies have no special competence in resolving statutory ambiguities"); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that the "weight of a[n] [administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, *its consistency with earlier and later pronouncements*, and all those factors which give it power to persuade, if lacking power to control") (emphasis added).

[5] Respondents' reliance on *Nishimura Ekiu v. United States* is misplaced given that the portion of that court's reasoning on which Respondents rely applies to "foreigners who have never been naturalized, *nor acquired any domicile or residence within the [U.S.]*." 142 U.S. 651, 660 (1892) (emphasis added). Petitioner does not fall under that description.

[6] In opposition to Petitioner's due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

For the above reasons, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and Petitioner is entitled to a bond hearing before an immigration judge.

### IV.  CONCLUSION

For all the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Petitioner be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order; and it is further

**ORDERED** that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial; and it is further

**ORDERED** that in the event Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is subject to detention pursuant to a final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
October 14, 2025

/s/
Anthony J. Trenga
Senior United States District Judge